# Matter of H-I-A-H-, Respondent

*Decided by Board June 18, 2026*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Remand is warranted because the Immigration Judge's favorable credibility finding does not meaningfully address apparent inconsistencies and other unresolved concerns regarding the respondent's testimony.

(2) The Immigration Judge erred in determining that the Department of Homeland Security had not rebutted the presumption of a well-founded fear of future persecution based on the feasibility of internal relocation without considering that the respondent had relocated and remained there for several years without harm.

FOR THE RESPONDENT: Siovhan S. Ayala, Esquire, Tucson, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Megan A. Mclean, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER, GEMOETS, and CHABAN, Appellate Immigration Judges.

HUNSUCKER, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has timely appealed the Immigration Judge's December 29, 2023, decision granting the respondent's application for asylum under section 208(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1)(A) (2018).[2] The respondent, a native and citizen of Nicaragua, opposes the appeal. The appeal will be sustained, and the record will be remanded.

---

[1] Pursuant to Order No. 7088-2026, dated August 4, 2026, the Acting Attorney General designated the Board's decision in *Matter of H-I-A-H-* (BIA June 18, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] In an order dated August 11, 2025, we denied DHS' motion to accept its untimely brief. The respondent contends that we should summarily dismiss DHS' appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E) (2026) because of its failure to timely file a brief. However, because DHS' statements on the Notice of Appeal contain detailed arguments regarding the reasons for its appeal, we decline to summarily dismiss DHS' appeal.

DHS argues that the Immigration Judge clearly erred in finding the respondent credible and further erred in concluding that DHS failed to rebut the presumption of future persecution. Upon review of the record and the parties' arguments, we conclude that remand is warranted.

The Immigration Judge's credibility finding, which we review deferentially for clear error under 8 C.F.R. § 1003.1(d)(3)(i) (2026), must be based on "the totality of the circumstances, and all relevant factors," including the consistency of the respondent's testimony with his prior statements and with other evidence of record. INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I&N Dec. 260, 262 (BIA 2007). We acknowledge that our role is not to replace the Immigration Judge's credibility determination with our own, but rather, to review the record to determine if clear error has occurred. *See Matter of R-S-H-*, 23 I&N 629, 637 (BIA 2003) (stating that a "factfinding may not be overturned simply because the Board would have weighed the evidence differently or decided the facts differently had it been the factfinder") (citation omitted).

The record reflects several inconsistencies identified by DHS that are not meaningfully addressed in the Immigration Judge's decision. Specifically, the respondent's testimony appears inconsistent with his written declaration regarding whether he suffered any harm during the May 30, 2018, protest and whether he transported a wounded friend to a hospital after the friend was shot. The respondent also testified inconsistently with a corroborating witness regarding whether he fled his hometown following the protest. Additionally, the respondent's corroborating witnesses provided differing accounts concerning the respondent's whereabouts after the protest.

The record further reflects unresolved concerns regarding documentary evidence submitted by the respondent. One witness testified that it was too dangerous to obtain and print a copy of a 2018 arrest warrant allegedly issued against the respondent. However, the respondent subsequently submitted purported 2023 arrest warrants that he claimed were obtained through the same source. The Immigration Judge's decision does not adequately address this apparent inconsistency.

We also note DHS' argument that the respondent omitted any reference to the alleged 2023 warrant during the initial merits hearing and was unable to provide a reasonable explanation for the omission when questioned at the subsequent hearing. Although an omission does not automatically support an adverse credibility finding, it may properly be considered under the

totality of the circumstances.  *Iman v. Barr*,  972 F.3d 1058, 1067 (9th Cir. 2020).

We do not conclude that the foregoing inconsistencies necessarily require an adverse credibility finding.  However, given the nature and number of the discrepancies identified by DHS, we are unable to discern from the Immigration Judge's decision whether they were fully considered under the totality of the circumstances.  *See Matter of A-S-*, 21 I&N Dec. 1106, 1109–12 (BIA 1998).

In addition, assuming arguendo that the respondent established past persecution, we conclude that remand is also warranted regarding DHS' challenge to the Immigration Judge's analysis of future persecution.  Where an applicant establishes past persecution, DHS may rebut the resulting presumption of future persecution by establishing, by a preponderance of the evidence, that the applicant could avoid future persecution through reasonable internal relocation.  8 C.F.R. § 1208.13(b)(1)(i)(B) (2026); *Matter of M-Z-M-R-*, 26 I&N Dec. 28, 32–35 (BIA 2012).

The respondent testified that after leaving his hometown he relocated elsewhere in Nicaragua and remained there for several years without suffering additional harm.  DHS argues that this evidence demonstrates successful internal relocation and rebuts any presumption of future persecution.  The Immigration Judge concluded otherwise but did not sufficiently analyze the significance of the respondent's extended residence outside his hometown without incident.  Because that evidence is directly relevant to the inquiry into internal relocation, additional findings are warranted.

The Board may not engage in de novo factfinding on appeal.  8 C.F.R. § 1003.1(d)(3)(iv) (2026).  As such, remand is appropriate for the Immigration Judge to reassess the respondent's credibility, the weight and reliability of the corroborative evidence, the significance of the alleged arrest warrants, and, if necessary, whether DHS has rebutted any presumption of future persecution through evidence of internal relocation.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.